IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| DERON D. GATUS,<br><br>        Plaintiff,<br><br>vs.<br><br>SHANE PETERSON, C/O II #7119; STEVEN ROSE, C/O #7649; STEVEN GILLOT, C/O #5117; and ABOUT 7 OTHER DOUGLAS COUNTY C/O'S,<br><br>        Defendants. | 8:21CV380<br><br>**MEMORANDUM AND ORDER** |

      Plaintiff, a prisoner being held at the Douglas County Correctional Center ("DCCC"), has been granted leave to proceed in forma pauperis. The court will now conduct an initial review of Plaintiff's Complaint (Filing 1)[1] to determine whether summary dismissal is appropriate under 28 U.S.C. §§ 1915(e)(2) and 1915A.

## I. LEGAL STANDARDS ON INITIAL REVIEW

      The court is required to conduct an initial review of "a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C.A. § 1915A(a). On such initial review, the court must dismiss the complaint if it: "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C.A. § 1915A(b). *See also* 28 U.S.C. § 1915(e)(2)(B) (requiring dismissal of in forma pauperis complaints "at any time" on the same grounds as § 1915A(b)).

---

[1] Miscellaneous materials delivered to the court on November 29, 2021 (Filing 9) are not considered part of the Complaint because they are not attached to a signed pleading. *See* Fed. R. Civ. P. 10(c).

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). Plaintiffs must set forth enough factual allegations to "nudge[ ] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"A pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted). This means that "if the essence of an allegation is discernible, even though it is not pleaded with legal nicety, then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Stone v. Harry,* 364 F.3d 912, 915 (8th Cir. 2004). However, even pro se complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980).

## II. DISCUSSION

Liberally construing Plaintiff's Complaint, this is a civil rights action brought under 42 U.S.C. § 1983. To state a claim under section 1983, a plaintiff must allege a violation of rights protected by the United States Constitution or created by federal statute, and also must show that the alleged deprivation was caused by conduct of a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

Plaintiff alleges he was physically assaulted by numerous corrections officers during intake at DCCC on June 6, 2021, when he did not immediately obey a command to remove his boxer shorts. Plaintiff alleges he was punched in the face and both sides of the head about 50 times before being forced face-down on the ground and handcuffed, where he was punched in the back of the head, held down with a knee on his neck, grabbed about the throat, and had his boxers cut off. Plaintiff

2

alleges he had black eyes and bruised temples, and was unable to eat for three days, but he was never seen by a nurse. Plaintiff also alleges he missed his disciplinary hearing when corrections officers failed to wake him and then claimed he refused to attend, which resulted in him being put in the mental health mod for two months. Plaintiff has identified four corrections officers by name, and indicates about seven other officers were involved in the incident.

The court assumes Plaintiff was a pretrial detainee at the time of the incident, in which case he is asserting a claim under the Due Process Clause of the Fourteenth Amendment. But if Plaintiff was a convicted prisoner, his claim instead would arise under the Eighth Amendment's Cruel and Unusual Punishments Clause.

The Constitution affords greater protection to a pretrial detainee compared to a convicted inmate in the sense that "[d]ue process requires that a pretrial detainee not be punished." *Walton v. Dawson*, 752 F.3d 1109, 1117 (8th Cir. 2014) (quoting *Bell v. Wolfish*, 441 U.S. 520, 535 n. 16 (1979)). In other words, the Constitution shields pretrial detainees not just from "cruel and unusual punishments," U.S. Const. amend. VIII, but from *any* punishment whatsoever. *Id.*; *see City of Revere v. Mass. Gen. Hosp.*, 463 U.S. 239, 244 (1983); *Bell*, 441 U.S. at 535 n. 16.

Excessive force claims of pretrial detainees are analyzed under an objective reasonableness standard. *Ryan v. Armstrong*, 850 F.3d 419, 427 (8th Cir. 2017). A court must assess the actions of each officer "from the perspective of a reasonable officer on the scene, including what the officer knew at the time, not with the 20/20 vision of hindsight." *Id.* (quoting *Kingsley v. Hendrickson*, 135 S. Ct. 2466, 2473 (2015)). A court must also account for the "legitimate interests that stem from [the government's] need to manage the facility in which the individual is detained," appropriately deferring to "policies and practices that in th[e] judgment" of jail officials "are needed to preserve internal order and discipline and to maintain institutional security." *Id.* (quoting *Bell*, 441 U.S. at 520). Factors relevant to assessing the objective reasonableness of force used by officers include:

> the relationship between the need for the use of force and the amount of force used; the extent of the plaintiff's injury; any effort made by the officer to temper or to limit the amount of force; the severity of the

>security problem at issue; the threat reasonably perceived by the officer; and whether the plaintiff was actively resisting.

*Id.* (quoting *Kingsley*, 135 S.Ct. at 2473).

"After incarceration, only the unnecessary and wanton infliction of pain constitutes cruel and unusual punishment forbidden by the Eighth Amendment." *Jackson v. Gutzmer*, 866 F.3d 969, 974 (8th Cir. 2017) (quoting *Whitley v. Albers*, 475 U.S. 312, 319 (1986)). "[W]henever prison officials stand accused of using excessive physical force in violation of the Cruel and Unusual Punishment[s] Clause, the core judicial inquiry is that set out in *Whitley*: whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Id.* (quoting *Hudson v. McMillian*, 503 U.S. 1, 6-7 (1992)).

Giving Plaintiff the benefit of all reasonable inferences that can be drawn from the facts alleged in the Complaint, *see Tovar v. Essentia Health*, 857 F.3d 771, 774 (8th Cir. 2017) (stating standard of review for a Rule 12(b)(6) motion to dismiss), a plausible excessive force claim is stated, regardless of whether the officers' conduct is measured against the objective standard of the Fourteenth Amendment or the subjective standard of the Eighth Amendment. However, because Plaintiff does not specify that the officers are being sued in their individual capacities, the court must presume they are being sued only in their official capacities. *Baker v. Chisom*, 501 F.3d 920, 923 (8th Cir. 2007).

"Because section 1983 liability exposes public servants to civil liability and damages, [the Eighth Circuit] ha[s] held that only an express statement that they are being sued in their individual capacity will suffice to give proper notice to the defendants. Absent such an express statement, the suit is construed as being against the defendants in their official capacity. A suit against a public employee in his or her official capacity is merely a suit against the public employer." *Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999) (internal citations omitted); *see Baker*, 501 F.3d at 923 ("A suit against government officials in their official capacities is another way of pleading an action against the entity of which they are agents.").

Douglas County cannot be held liable for the officers' alleged misconduct under a theory of *respondeat superior* or vicarious liability. "It is only when the 'execution of the government's policy or custom ... inflicts the injury' that the [County] may be held liable under § 1983." *Brewington v. Keener*, 902 F.3d 796, 801 (8th Cir. 2018) (quoting *Springfield v. Kibbe*, 480 U.S. 257, 267 (1987) (O'Connor, J., dissenting)). To prevail on an official-capacity claim, Plaintiff must show that the alleged constitutional violation resulted from (1) an official "policy," (2) an unofficial "custom," or (3) a deliberately indifferent failure to train or supervise. *Corwin v. City of Independence*, 829 F.3d 695, 699 (8th Cir. 2016).

"Official policy involves 'a deliberate choice to follow a course of action ... made from among various alternatives' by an official who has the final authority to establish governmental policy." *Jane Doe A By & Through Jane Doe B v. Special Sch. Dist. of St. Louis Cty.*, 901 F.2d 642, 645 (8th Cir. 1990) (quoting *Pembaur v. City of Cincinnati*, 475 U.S. 469, 483 (1986)). "Alternatively, a plaintiff may establish municipal liability through an unofficial custom of the municipality by demonstrating '(1) the existence of a continuing, widespread, persistent pattern of unconstitutional misconduct by the governmental entity's employees; (2) deliberate indifference to or tacit authorization of such conduct by the governmental entity's policymaking officials after notice to the officials of that misconduct; and (3) that plaintiff was injured by acts pursuant to the governmental entity's custom, *i.e.*, that the custom was a moving force behind the constitutional violation.'" *Malone v. Hinman*, 847 F.3d 949, 955 (8th Cir. 2017) (quoting *Corwin*, 829 F.3d at 699-700). A municipal liability claim based on a theory of inadequate training or supervision is simply an extension of a claim based on a "policy" or "custom" theory of municipal liability. *Marsh v. Phelps Cty.*, 902 F.3d 745, 751 (8th Cir. 2018); *see also Brossart v. Janke*, 859 F.3d 616, 627-28 (8th Cir. 2017) ("A municipality may also be liable where its policies are lawful on their face but municipal action, such as failure to train or supervise, was taken with deliberate indifference as to its known or obvious consequences and led an employee to violate a plaintiff's rights.") (quotation marks and citations omitted), *cert. denied*, 138 S. Ct. 2025 (2018).

Plaintiff does not allege that the violation of his constitutional rights occurred because of a county policy or custom, or because of a failure to train or supervise corrections officers, nor does his Complaint contain any facts from which it might

5

reasonably be inferred that Douglas County is liable for his alleged injuries. "At a minimum, a complaint must allege facts which would support the existence of an unconstitutional policy or custom." *Crumpley-Patterson v. Trinity Lutheran Hosp.*, 388 F.3d 588, 591 (8th Cir. 2004) (quoting *Doe ex rel. Doe v. Sch. Dist. of City of Norfolk*, 340 F.3d 605, 614 (8th Cir. 2003)).

Plaintiff's Complaint therefore fails to state a claim upon which relief may be granted, and is subject to dismissal under 28 U.S.C. §§ 1915(e)(2) and 1915A. On the court's own motion, however, Plaintiff will be granted leave to amend. If Plaintiff elects to file an amended complaint, he must specify whether each officer is being sued in his official capacity, in his individual capacity, or in both capacities. He should also clarify whether he was being held at DCCC as a pretrial detainee or as a convicted prisoner at the time of the incident.

If official-capacity claims are alleged in the amended complaint, Plaintiff should include enough facts from which "one could begin to draw an inference that the conduct complained of ... resulted from an unconstitutional policy or custom" of Douglas County. *Crumpley-Patterson*, 388 F.3d at 591.

And if Plaintiff seeks to hold the officers personally liable for his alleged injuries, he should describe in detail what action was taken by each corrections officer to violate his constitutional rights. "To prevail on a § 1983 claim, a plaintiff must show each individual defendant's personal involvement in the alleged violation." *White v. Jackson*, 865 F.3d 1064, 1081 (8th Cir. 2017).

Although a complaint must include the names of all the parties, *see* Fed. R. Civ. P. 10(a), "an action may proceed against a party whose name is unknown if the complaint makes allegations specific enough to permit the identity of the party to be ascertained after reasonable discovery." *Estate of Rosenberg by Rosenberg v. Crandell*, 56 F.3d 35, 37 (8th Cir. 1995). If an amended complaint is filed, Plaintiff should endeavor to identify all Defendants with as much specificity as possible.

"Section 1983 liability cannot attach to a supervisor merely because a subordinate violated someone's constitutional rights." *Johnson v. City of Ferguson*, 926 F.3d 504, 506 (8th Cir.) (citation omitted), *cert. denied*, 140 S. Ct. 553, 205 L. Ed. 2d 357 (2019). A supervisor may be held liable "if a failure to properly supervise

and train the offending employee caused a deprivation of constitutional rights." *Perkins v. Hastings*, 915 F.3d 512, 524 (8th Cir. 2019) (quoting *Tlamka v. Serrell*, 244 F.3d 628, 635 (8th Cir. 2001)). The plaintiff must show that the supervisor "(1) had notice of a pattern of unconstitutional acts committed by subordinates; (2) was deliberately indifferent to or tacitly authorized those acts; and (3) failed to take sufficient remedial action; (4) proximately causing injury to [the plaintiff]." *Id.* (quoting *Brewington v. Keener*, 902 F.3d 796, 803 (8th Cir. 2018). Even an officer in a non-supervisory position may be held liable for failing to protect an inmate from the use of excessive force by another officer, but it must be shown that "(1) the officer observed or had reason to know that excessive force would be or was being used, and (2) the officer had both the opportunity and the means to prevent the harm from occurring." *Robinson v. Payton*, 791 F.3d 824, 829 (8th Cir. 2015) (quoting *Nance v. Sammis,* 586 F.3d 604, 612 (8th Cir. 2009)).

Plaintiff alleges he did not receive medical treatment for injuries he sustained. When a pretrial detainee's Fourteenth Amendment claim alleges constitutionally deficient medical care, the Eighth Amendment deliberate-indifference standard applies. *Scott v. Benson*, 742 F.3d 335, 339 (8th Cir. 2014).

> To prevail on an Eighth Amendment claim for deprivation of medical care, an inmate must show that the prison official was deliberately indifferent to the inmate's serious medical needs. This requires a two-part showing that (1) the inmate suffered from an objectively serious medical need, and (2) the prison official knew of the need yet deliberately disregarded it.

*Schaub v. VonWald*, 638 F.3d 905, 914 (8th Cir. 2011) (internal citations omitted). If Plaintiff intends to pursue a claim for deprivation of medical care, then, as to each Defendant, he will need to allege enough facts to support a reasonable inference that the Defendant was deliberately indifferent to Plaintiff's serious medical needs.

Plaintiff may also be asserting a Fourteenth Amendment claim regarding his disciplinary hearing, and his placement in the mental health mod for 2 months. If more facts are alleged in the amended complaint, a plausible claim might be stated. *See, e.g.*, *Baker v. Adult Lancaster Cty. Corr. Facility*, No. 8:21CV55, 2021 WL 3048390, at *3 (D. Neb. July 20, 2021) ("If he elects to sue such Defendants in their

7

individual capacities in an amended complaint, and depending on the sufficiency of the allegations therein, Plaintiff's procedural-due-process claim may be allowed to proceed against the officers alleged to be responsible for issuing the misconduct report and misleading Plaintiff so that he did not attend the disciplinary hearing.").

"[U]nder the Due Process Clause, a detainee may not be punished prior to an adjudication of guilt in accordance with due process of law." *Bell*, 441 U.S. at 535; *see Martinez v. Turner*, 977 F.2d 421, 423 (8th Cir. 1992) (requiring pretrial detainee to be placed in administrative segregation is punishment; claim that pretrial detainee was denied due process when placed in administrative detention for refusing to work did not lack arguable basis in law and should not have been dismissed prior to service). However, "not every disability imposed during ... detention amounts to 'punishment' in the constitutional sense.'" *Smith v. Copeland*, 87 F.3d 265, 268 (8th Cir. 1996). "[I]f a particular condition or restriction of ... detention is reasonably related to a legitimate governmental objective, it does not, without more, amount to 'punishment.'" *Id.* It cannot be determined from the facts alleged in the Complaint whether Plaintiff's placement in the mental health mod constituted punishment, and, if so, whether any Defendant intentionally deprived Plaintiff of his right to a fair hearing.

### III. CONCLUSION

Plaintiff's Complaint fails to state a claim upon which relief may be granted, and is subject to preservice dismissal under 28 U.S.C. §§ 1915(e)(2) and 1915A. On the court's own motion, though, Plaintiff will be granted leave to amend and will be provided with a standard form complaint designed for a prisoner's § 1983 action.

IT IS THEREFORE ORDERED:

1. Plaintiff shall have 30 days to file an amended complaint in accordance with this Memorandum and Order. Failure to file an amended complaint within the time specified by the court will result in the court dismissing this case without further notice to Plaintiff.

2. Failure to consolidate all claims into <u>one document</u> may result in the abandonment of claims. Plaintiff is warned that an amended complaint will supersede, not supplement, his prior pleadings.

3. The court reserves the right to conduct further review of Plaintiff's claims pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A in the event he files an amended complaint.

4. The Clerk of the Court is directed to set a pro se case management deadline using the following text: **January 10, 2022**—amended complaint due.

5. The Clerk of the Court is further directed to provide Plaintiff with a copy of the standard form (Pro Se 14) "Complaint for Violation of Civil Rights (Prisoner Complaint)." Plaintiff is strongly encouraged to use this form in drafting an amended complaint, and to follow its instructions carefully.

6. Plaintiff shall keep the court informed of his current address at all times while this case is pending. Failure to do so may result in dismissal without further notice.

Dated this 9th day of December 2021.

BY THE COURT:

*Richard G. Kopf*

Richard G. Kopf
Senior United States District Judge