IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| DERON D. GATUS, | **8:21CV380** |
| Plaintiff, | |
| vs. | **MEMORANDUM AND ORDER** |
| DOUGLAS COUNTY CORRECTIONAL CENTER; SHANE PETERSON, C/O #7119; STEVEN ROSE, C/O #7649; and STEVEN GILLOT, C/O #5117, | |
| Defendants. | |

This matter is before the court for initial review of Plaintiff's Amended Complaint (Filing 11), which was filed on January 12, 2022. Plaintiff, who appears pro se, is a pretrial detainee being held at the Douglas County Correctional Center ("DCCC"). He has been granted leave to proceed in forma pauperis ("IFP").

## I.  LEGAL STANDARDS ON INITIAL REVIEW

The court is required to conduct an initial review of "a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C.A. § 1915A(a). On such initial review, the court must dismiss the complaint if it: "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C.A. § 1915A(b). *See also* 28 U.S.C. § 1915(e)(2)(B) (requiring dismissal of in forma pauperis complaints "at any time" on the same grounds as § 1915A(b)).

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v.*

*JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). Plaintiffs must set forth enough factual allegations to "nudge[ ] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"A pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted). This means that "if the essence of an allegation is discernible, even though it is not pleaded with legal nicety, then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Stone v. Harry,* 364 F.3d 912, 915 (8th Cir. 2004). However, even pro se complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980).

## II.  BACKGROUND

Plaintiff's original pro se Complaint (Filing 1) was filed on September 27, 2021. Plaintiff alleged he was physically assaulted by numerous corrections officers during intake at DCCC on June 6, 2021, when he did not immediately obey a command to remove his boxer shorts. Plaintiff alleged he was punched in the face and both sides of the head about 50 times before being forced face-down on the ground and handcuffed, where he was punched in the back of the head, held down with a knee on his neck, grabbed about the throat, and had his boxers cut off. Plaintiff alleged he had black eyes and bruised temples, and was unable to eat for three days, but he was never seen by a nurse. Plaintiff also alleged he missed his disciplinary hearing when corrections officers failed to wake him and then claimed he refused to attend, which resulted in him being put in the mental health mod for two months..

The court conducted an initial review of the Complaint and, in a Memorandum and Order entered on December 9, 2021 (Filing 10), determined that the Complaint failed to state a claim upon which relief may be granted. Giving Plaintiff the benefit

2

of all reasonable inferences that could be drawn from the facts alleged, the court found a plausible excessive force claim was stated, but because Plaintiff did not specify that the officers were sued in their individual capacities, only an official-capacity claim was alleged. Plaintiff, however, did not allege that the violation of his constitutional rights occurred because of a county policy or custom, or because of a failure to train or supervise corrections officers, nor did the Complaint contain any facts from which it might reasonably be inferred that Douglas County was liable for his alleged injuries. The court also could not find sufficient factual allegations to support a claim for deprivation of medical care or for a procedural due process claim related to Plaintiff's disciplinary hearing and placement in the mental health mod. On the court's own motion, Plaintiff was given leave to amend within 30 days and was provided with a standard form complaint designed for a prisoner's civil rights action under 42 U.S.C. § 1983.

## III. ANALYSIS OF AMENDED COMPLAINT

The caption to Plaintiff's Amended Complaint lists DCCC as a defendant, but a county correctional facility is not a distinct legal entity subject to suit. *Willis v. Douglas Cty. Correction*, No. 8:21CV109, 2021 WL 4129303, at *1 (D. Neb. Sept. 9, 2021); *see Dan v. Douglas Cty. Dep't of Corr.*, No. 8:06CV714, 2009 WL 483837, at *4 (D. Neb. Feb. 25, 2009) ("the Department of Corrections and other units within the DCCC and Douglas County lack the legal capacity to sue or be sued in their own names"); *see also Owens v. Scott Cty. Jail*, 328 F.3d 1026, 1027 (8th Cir. 2003) ("[C]ounty jails are not legal entities amenable to suit.").

The body of the pleading indicates Plaintiff may instead by attempting to sue unidentified DCCC corrections officers in their official capacities. (See Filing 11 at 2.) Plaintiff states he "does not know the name of all c/o's involved," but there were about 8 or 9 altogether (Filing 11 at 4, 9.) Plaintiff thinks 3 are sergeants now. (Filing 11 at 6.) Although a complaint must include the names of all the parties, *see* Fed. R. Civ. P. 10(a), "an action may proceed against a party whose name is unknown if the complaint makes allegations specific enough to permit the identity of the party to be ascertained after reasonable discovery." *Estate of Rosenberg by Rosenberg v. Crandell*, 56 F.3d 35, 37 (8th Cir. 1995). Plaintiff's pleading is not very specific, but perhaps the officer can be identified through discovery based on the time and place

of the alleged incident. These unidentified officers will not be made defendants at this time, though, because they are sued only in their official capacities and Plaintiff has not alleged any facts to show they acted pursuant to a policy or custom of Douglas County.

Plaintiff identifies three corrections officers by name, and sues them in both their individual and official capacities. They are: (1) Shane Peterson, C/O #7119; (2) Steven Rose, C/O #7649; and (3) Steven Gillot, C/O #5117. Again, however, there are not sufficient facts alleged in the Amended Complaint to support an official-capacity claim against these officers.

The Amended Complaint consists mainly of legal citations (taken from the court's previous Memorandum and Order) even though Plaintiff was instructed in the standard form, "Do not cite any cases or statutes." (Filing 11 at 8.) Very few facts are stated. Although the court warned Plaintiff that the Amended Complaint would supersede his prior pleading, it will be treated as a supplemental pleading because the original Complaint contains a more detailed description of the officers' alleged use of force. *See* NECivR 15.1(b) ("In considering pro se litigants' amended pleadings, the court may consider the amended pleading as supplemental to, rather than as superseding, the original pleading, unless the pleading states that it supersedes the prior pleading.").

The Constitution affords greater protection to a pretrial detainee compared to a convicted inmate in the sense that "[d]ue process requires that a pretrial detainee not be punished." *Walton v. Dawson*, 752 F.3d 1109, 1117 (8th Cir. 2014) (quoting *Bell v. Wolfish*, 441 U.S. 520, 535 n. 16 (1979)). In other words, the Constitution shields pretrial detainees not just from "cruel and unusual punishments," U.S. Const. amend. VIII, but from *any* punishment whatsoever. *Id.*; *see City of Revere v. Mass. Gen. Hosp.*, 463 U.S. 239, 244 (1983); *Bell*, 441 U.S. at 535 n. 16.

Excessive force claims of pretrial detainees are analyzed under an objective reasonableness standard. *Ryan v. Armstrong*, 850 F.3d 419, 427 (8th Cir. 2017). A court must assess the actions of each officer "from the perspective of a reasonable officer on the scene, including what the officer knew at the time, not with the 20/20 vision of hindsight." *Id.* (quoting *Kingsley v. Hendrickson*, 135 S. Ct. 2466, 2473 (2015)). A court must also account for the "legitimate interests that stem from [the

government's] need to manage the facility in which the individual is detained," appropriately deferring to "policies and practices that in th[e] judgment" of jail officials "are needed to preserve internal order and discipline and to maintain institutional security." *Id.* (quoting *Bell*, 441 U.S. at 520). Factors relevant to assessing the objective reasonableness of force used by officers include:

> the relationship between the need for the use of force and the amount of force used; the extent of the plaintiff's injury; any effort made by the officer to temper or to limit the amount of force; the severity of the security problem at issue; the threat reasonably perceived by the officer; and whether the plaintiff was actively resisting.

*Id.* (quoting *Kingsley*, 135 S.Ct. at 2473).

Liberally construed, Plaintiff's pleadings state a plausible claim against the three named defendants, in their individual capacities only, for excessive use of force in violation of the Fourteenth Amendment. They are all alleged to have participated in an unprovoked attack, initiated by Shane Peterson, which involved punching Plaintiff in the face, throwing him about, and pinning him down with a knee on the back of his neck for 7 or 8 minutes until he passed out. Plaintiff claims his voice box was crushed, he had a black eye and swollen temples, and has been suffering back pains and migraines since the incident. (See Filing 11 at 9.) However, on the facts alleged, there is not a plausible Fourteenth Amendment claim against the officers for deprivation of medical care regarding Plaintiff's injuries,[1] or for violating Plaintiff's

---

[1] When a pretrial detainee's Fourteenth Amendment claim alleges constitutionally deficient medical care, the Eighth Amendment deliberate-indifference standard applies. *Scott v. Benson*, 742 F.3d 335, 339 (8th Cir. 2014).

> To prevail on an Eighth Amendment claim for deprivation of medical care, an inmate must show that the prison official was deliberately indifferent to the inmate's serious medical needs. This requires a two-part showing that (1) the inmate suffered from an objectively serious medical need, and (2) the prison official knew of the need yet deliberately disregarded it.

right to procedural due process related to his subsequent disciplinary hearing and placement in the mental health mod.[2]

## IV. CONCLUSION

Read together and liberally construed, Plaintiff's Complaint and Amended Complaint state a plausible claim for relief against three named corrections officers, in their individual capacities only, for violating Plaintiff's Fourteenth Amendment right as a pretrial detainee to be free from excessive force.[3]

IT IS THEREFORE ORDERED:

1. This action shall proceed to service of process against Defendants Shane Peterson, Steven Rose, and Steven Gillot, in their individual capacities only, and only with respect to Plaintiff's Fourteenth Amendment excessive force claim. Any and all other claims against these Defendants, including

---

*Schaub v. VonWald*, 638 F.3d 905, 914 (8th Cir. 2011) (internal citations omitted). There are not enough facts alleged to support a reasonable inference that any Defendant was deliberately indifferent to Plaintiff's serious medical needs.

[2] "[U]nder the Due Process Clause, a detainee may not be punished prior to an adjudication of guilt in accordance with due process of law." *Bell*, 441 U.S. at 535; *see Martinez v. Turner*, 977 F.2d 421, 423 (8th Cir. 1992) (requiring pretrial detainee to be placed in administrative segregation is punishment; claim that pretrial detainee was denied due process when placed in administrative detention for refusing to work did not lack arguable basis in law and should not have been dismissed prior to service). However, "not every disability imposed during ... detention amounts to 'punishment' in the constitutional sense.'" *Smith v. Copeland*, 87 F.3d 265, 268 (8th Cir. 1996). "[I]f a particular condition or restriction of ... detention is reasonably related to a legitimate governmental objective, it does not, without more, amount to 'punishment.'" *Id* . It cannot be determined from the facts alleged whether Plaintiff's placement in the mental health mod constituted punishment, and, if so, whether any Defendant intentionally deprived Plaintiff of his right to a fair hearing.

[3] Plaintiff is cautioned this is not a determination on the merits of his claim and does not preclude Defendants from asserting any defenses.

claims against them in their official capacities, are dismissed without prejudice. The clerk of the court shall modify the docket sheet accordingly.

2. All claims against Douglas County Correctional Center and unidentified corrections officers are dismissed without prejudice. The clerk of the court shall modify the docket sheet accordingly.

3. The Clerk of the Court is directed to complete a summons form and a USM-285 form for each Defendant, in his individual capacity, using the following addresses:

> Shane Peterson, C/O #7119
> Douglas County Correctional Center
> 710 South 17th Street
> Omaha, NE 68102

> Steven Rose, C/O #7649
> Douglas County Correctional Center
> 710 South 17th Street
> Omaha, NE 68102

> Steven Gillot, C/O #5117
> Douglas County Correctional Center
> 710 South 17th Street
> Omaha, NE 68102

4. The Clerk shall forward the completed forms to the Marshals Service,[4] together with three copies of Plaintiff's Complaint (Filing 1), Plaintiff's

---

[4] Pro se litigants proceeding in forma pauperis are entitled to rely on service by the United States Marshals Service. *Wright v. First Student, Inc.*, 710 F.3d 782, 783 (8th Cir. 2013). Pursuant to 28 U.S.C. § 1915(d), in an in forma pauperis case, "[t]he officers of the court shall issue and serve all process, and perform all duties in such cases." *See Moore v. Jackson*, 123 F.3d 1082, 1085 (8th Cir. 1997) (language in § 1915(d) is compulsory) ); Fed. R. Civ. P. 4(c)(3) (court must order that service be made by United States Marshal if plaintiff is authorized to proceed in forma pauperis under 28 U.S.C. § 1915). *See, e.g.*, *Beyer v. Pulaski County Jail*, 589 Fed. App'x 798 (8th Cir. 2014) (unpublished) (vacating district court order of dismissal

Amended Complaint (Filing 11), and this Memorandum and Order, for service upon Defendants by certified mail or any other authorized method. *See* Fed. R. Civ. P. 4(e); Neb. Rev. Stat. § 25-508.01(1).

5. The United States Marshal shall serve all process in this case without prepayment of fees from Plaintiff.

6. Federal Rule of Civil Procedure 4(m) requires service of the complaint on a defendant within 90 days of filing the complaint. However, Plaintiff is granted, on the court's own motion, an extension of time until 90 days from the date of this order to complete service of process.

7. The Clerk of the Court is directed to set a pro se case management deadline in this case with the following text: "February 23, 2022: Check for completion of service of summons."

8. Plaintiff shall keep the court informed of his current address at all times while this case is pending. Failure to do so may result in dismissal.

Dated this 24th day of January 2022.

BY THE COURT:

*Richard G. Kopf*

Richard G. Kopf
Senior United States District Judge

---

for failure to prosecute and directing district court to order the Marshal to seek defendant's last-known contact information where plaintiff contended that the jail would have information for defendant's whereabouts); *Graham v. Satkoski*, 51 F.3d 710, 713 (7th Cir. 1995) (when court instructs Marshal to serve papers for prisoner, prisoner need furnish no more than information necessary to identify defendant; Marshal should be able to ascertain defendant's current address).