IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| DERON D. GATUS,<br><br>               Plaintiff,<br><br>   vs.<br><br>SHANE PETERSON II, C/O #7119, in his individual capacity; STEVEN ROSE, C/O #7649, in his individual capacity; and STEVEN GILLOT, C/O #5117, in his individual capacity,<br><br>               Defendants. | 8:21CV380<br><br>**MEMORANDUM AND ORDER** |

      The court is in receipt of correspondence from Plaintiff (Filing 14) in which Plaintiff indicates he would like to sue Defendants in their official capacities rather than their individual capacities, or possibly appeal from the court's January 24, 2022 Memorandum and Order (Filing 12), which allowed this case to proceed to service of process against Defendants in their individual capacities only.

      Liberally construing Plaintiff's letter as a motion for leave to amend, it will be denied for failure to submit a proposed Second Amended Complaint for the court's review. *See* NECivR 15.1(a) ("A party who moves for leave to amend a pleading (including a request to add parties) must file as an attachment to the motion an unsigned copy of the proposed amended pleading that clearly identifies the proposed amendments.").

      The court's January 24, 2022 Memorandum and Order is not a final appealable order, *see* 21 U.S.C. § 1291, but to the extent Plaintiff is requesting the court to reconsider its ruling, the motion will also be denied because there was no error. Plaintiff clearly indicated by checking boxes on the standard form complaint that he intended to sue Defendants in both their individual and official capacities (see Filing 11 at 2-3), and the court properly determined, for reasons stated in the

memorandum opinion and in the court's earlier opinion on initial review of Plaintiff's original Complaint (see Filing 10), that Plaintiff's allegations are not sufficient to state a claim for relief against any Defendant in his official capacity.

If Plaintiff now wishes to dismiss the lawsuit against Defendants in their individual capacities, he may do so by filing a notice of dismissal before they answer his Amended Complaint or before they move for summary judgment. *See* Fed. R. Civ. P. 41(a). Even if the action is voluntarily dismissed, however, Plaintiff will remain responsible for payment of the $350 filing fee while he is a prisoner.

IT IS ORDERED that Plaintiff's motion to amend or to reconsider (Filing 14) is denied in all respects.

Dated this 4th day of February 2022.

BY THE COURT:

*Richard G. Kopf*
Richard G. Kopf
Senior United States District Judge